JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**Priority** ____
**Send** ____
**Enter** ____
**Closed** ____
**JS-5/JS-6** ____
**Scan Only** ____

**CASE NO.:** **CV 12-04702 SJO (MANx)** **DATE:** **November 7, 2012**

**TITLE:** **Laurmark Enterprises Inc., et al. v. Kinderhook Industries, et al.**

===========================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz<br>Courtroom Clerk | Not Present<br>Court Reporter |
| **COUNSEL PRESENT FOR PLAINTIFFS:** | **COUNSEL PRESENT FOR DEFENDANTS:** |
| Not Present | Not Present |

===========================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** [Docket No. 23]

This matter comes before the Court on Defendants Extang Corporation ("Extang"), UnderCover Inc. ("UCI"), Tectum Holdings Inc. ("THI"), THI-UnderCover Holdings LLC ("THI-UC"), and Kinderhook Industries's ("Kinderhook") (collectively, "Defendants") Motion to Dismiss ("Motion") Plaintiffs Laurmark Enterprises Inc. ("Laurmark") and Julian Maimin's (collectively, "Plaintiffs") First Amended Complaint ("FAC"), alleging patent infringement and violation of three California State laws. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for October 22, 2012. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendants' Motion.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs allege the following facts. Laurmark is a corporation with its principal place of business in California, and Maimin is a California resident. (FAC ¶ 1-2.) Extang has its principal place of business in Michigan, and UCI has its principal place of business in Missouri. (FAC ¶¶ 3-4.) Both corporations are subsidiaries of THI, a corporation based in New York, which is itself owned by THI-UC, also in New York. (FAC ¶ 5.) Finally, Kinderhook is a private equity firm whose investment portfolio includes all of the other defendants to this case. (FAC ¶ 6.)

Maimin owns all rights to and in three patents for the design and manufacture of tonneau truck bed covers: U.S. Patent Nos. 7,537,264 ("264 Patent'), 8,061,758 ("758 Patent"), and 8,182,021 ("021 Patent") (collectively, "Maimin Patents"). (FAC ¶16.) He licensed rights to Laurmark to use all three patents, which Laurmark, doing business as BAK Industries Inc. ("BAK"),[1] uses in the

[1] The Court notes that parties disagree whether "Laurmark" or "BAK" is the most appropriate label for that plaintiff, because Laurmark does business as BAK, and

tonneau truck bed cover industry. (FAC ¶ 16.) Defendants Extang and UCI also produce tonneau truck bed covers for sale, in direct competition with Laurmark and without license from either Plaintiff. (FAC ¶¶ 17-22.)

THI owns a significant portion of the market share for tonneau truck bed covers, and its subsidiaries market their products to various distributors and retail purchasers, including many of Laurmark's customers. (FAC ¶¶ 26-28.) Plaintiff has lost business as a result of these activities.

Before this lawsuit was filed in this Court, Plaintiffs were in negotiation with Defendants for a potential sale of Plaintiff's business to Defendants. (Opp'n 2.) These negotiations did not result in a purchase agreement, and on March 1, 2012, counsel for Plaintiffs sent a notification letter to Extang and UCI of their patent rights. (Opp'n 2.) In May 2012, Plaintiffs' counsel informed THI that he would be filing patent litigation as soon as the 021 Patent, which was pending at the time, was issued. (Opp'n 3.)

Also before this lawsuit was filed, on May 21, 2012, Extang and UCI jointly filed suit against BAK in the U.S. District Court for the Western District of Wisconsin ("Wisconsin Case"). (Decl. of Sanford L. Michelman in Supp. of Opp'n ("Plaintiff Exhibits"), Ex. 2.) In that complaint, Extang brings claims against BAK for infringement of two patents owned by Extang, UCI brings a claim for non-infringement of the 264 Patent, and both parties together bring claims that the 758 Patent and the 021 Patent are invalid. (Pl. Ex. 2, at 4-6.) Both parties have properly construed this as a claim against Laurmark. Extang and UCI filed this action before the 021 Patent was finalized and amended their complaint after it was so finalized. (Opp'n 3.)

Laurmark obtained a license from Maimin on May 28, 2012, that included the right to litigate and enforce the Maimin Patents. (Pl. Ex. 3.) Thereafter, Laurmark filed the present action on May 30, 2012, nine days after Extang and UCI filed the Wisconsin Case. (Compl., ECF No. 1.). Maimin was not originally a party to this case, but Laurmark joined him as a plaintiff in the FAC. Plaintiffs bring claims for infringement of the Maimin Patents, as well as three claims under California law: for Intentional Interference with Prospective Economic Advantage ("IIPEA"), Negligent Interference with Prospective Economic Advantage ("NIPEA"), and Unfair Competition. (*See generally* FAC.)

///
///

## II. <u>DISCUSSION</u>

---

apparently has represented itself as "BAK" in certain court filings. (Opp'n 3-4, ECF No. 24; Reply 1-2, ECF No. 27) The Court does not determine at this time which name is more appropriate, but unless explicitly stated otherwise all references to "Laurmark" should be interpreted as references to "Laurmark doing business as BAK."

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, Plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In their Motion, Defendants argue that the case should be dismissed for several reasons: (1) under the "first-to-file" rule, the Court should dismiss this case in favor of the Wisconsin Case; (2) Laurmark does not have standing to assert its patent infringement claims; (3) Plaintiffs did not properly plead the three California State law claims; (4) Extang and UCI should not have been joined in a single case; and (5) the Court has no personal jurisdiction over THI, THI-UC, or Kinderhook. (Mot. 1-2., ECF No. 23.) The Court addresses each of these arguments in turn.

A. <u>First-to-File Rule</u>

Defendants first argue that the Court should dismiss the present action because the Wisconsin Case already addresses the potential infringement of the Maimin Patents. (Mot. 6-8.) The first-to-file rule "allows a district court to . . . dismiss an action when a similar complaint has already been field in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Generally, the rule is invoked "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. Inc. v. Medtronic Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (quoted by *Alltrade*, 946 F.2d at 625). As Defendants observe, the Wisconsin Case was filed previously to this case, it involves largely the same parties,[2] and it involves largely the same

---

[2] This case includes both Maimin as a plaintiff, and THI, THI-UC, and Kinderhook as defendants, none of which are directly involved in the Wisconsin Case. (Pl. Ex. 2.) However, the test does not require that the complaint be identical, only that it be similar. Here, Maimin is the owner of the Maimin Patents that are at issue; and the additional three

issues.[3] Thus, as both parties acknowledge (Mot. 6-8; Opp'n 5), the basic test is clearly satisfied in this case.

Plaintiffs do not contest that the basic test is satisfied, but urge the Court to ignore the first-to-file rule on equitable grounds. (Opp'n 5.) Courts may, "in the exercise of their discretion, dispense with the rule for reasons of equity," including where parties have demonstrated bad faith, forum shopping, or other actions taken in anticipation of a lawsuit. *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (following *Alltrade*, 946 F.2d. at 628). Anticipatory suits where a "plaintiff in the first-filed action file[s] suit on receipt of specific, concrete indications that a suit by the defendant [i]s imminent are viewed with disfavor as examples of forum shopping and gamesmanship." *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) (quoting *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998)). This rule has also held true in the context of intellectual property disputes. *See Xoxide*, 448 F. Supp. 2d at 1993 (dismissing declaratory judgment action as anticipatory and therefore an improper attempt at forum shopping); *Xilinx, Inc. v. Invention Inv. Fund I LP*, C 11-0671 SI, 2011 WL 3206686, at *2-3 (N.D. Cal. July 27, 2011) (applying Ninth Circuit rules to dismiss a declaratory judgment action because it constituted forum shopping in anticipation of litigation by defendants). Here, taking the facts as pleaded by Plaintiffs, Defendants filed this action following a breakdown in negotiations and after being informed by Plaintiffs' counsel of their intention to file patent litigation. (Opp'n 2-3.) Under the holdings outlined above, which disfavor anticipatory declaratory judgment litigation, equity weighs against dismissing this case.

This does not complete the Court's analysis however: in the context of patent cases, this Court is bound by Federal Circuit precedent rather than by district court decisions, or even those of the Ninth Circuit. And in this context, the distinction is significant; the Federal Circuit has held that:

> [t]he considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a

---

defendants are only here based on their interest in Extang and UCI; thus, their presence does not alter the similarity of parties between the two cases.

[3] Again, the two cases do not raise identical issues. This case addresses the use of three patents (the Maimin Patents), by four products: BAKFlip (by Laurmark), Encore (by Extang), Solid Fold (by Extang), and Flex (by UCI). The Wisconsin Case addresses the use of five patents (the Maimin Patents and two patents owned by Extang), by three products (Encore, Solid Fold, and BAKFlip), with Flex only subject indirectly to that ruling. (Mot. 3-4.) Again here, the Court finds that the differences in subject matter do not affect the substantial similarity of the cases: most importantly, all three patents at issue in this case will be addressed by the Wisconsin Case.

> change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action.

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Based on this, the Federal Circuit has explicitly overturned district courts' dismissal of declaratory judgment actions where such dismissal was "premised solely on the fact that the suit was designed to anticipate a later-filed complaint in another forum." *Genentech*, 998 F.2d at 938-39; *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005). Thus, before determining that the first-to-file rule should not be applied because the Wisconsin Case was improper, the Court must consider "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Genentech*, 998 F.2d at 938.

Here, Plaintiffs provide no compelling argument beyond the anticipatory nature of Extang and UCI's actions that the Wisconsin Case is improper. Plaintiffs argue that equity weighs in favor of maintaining this case because (1) Defendants intentionally named BAK as the defendant in the Wisconsin case instead of Laurmark, to "inhibit [Laurmark's] ability to know that they had been sued"; (2) Defendants have no basis for selecting a venue in Wisconsin because neither party is based there; and (3) Laurmark filed the original Complaint only nine days after Extang and UCI filed the Wisconsin Case complaint. (Opp'n 6-8.) Defendants respond that (1) filing the complaint against BAK was proper because BAK is the party in interest to the Maimin Patents; and (2) Wisconsin was selected as a convenient venue near Extang's (Michigan) and UCI's (Missouri) principle places of business, and neither party has any material connection to California. (Reply 1-2.) The Court agrees with Defendants here. Although Laurmark appears to have been the proper Defendant to the Wisconsin Case, Plaintiffs do not allege that Extang and UCI's alleged mislabeling of Laurmark in the Wisconsin Case caused any actual harm to Laurmark; theoretical or potential harm does not qualify. And although Extang and UCI have not explained to the Court's satisfaction why they chose to file the Wisconsin Case in Wisconsin, it is certainly more convenient to Extang and UCI than a lawsuit in California would be. It may also be less convenient for Plaintiffs, but Plaintiffs have not contested that Wisconsin has personal jurisdiction over them, so no *Genentech* concern arises. Finally, the Court finds no basis for Plaintiffs' argument that the short time between the filing of the two cases is relevant in any way.

By contrast, some of the *Genentech* factors weigh in favor of Defendants' claim that the Wisconsin Case is proper. As Defendants observe, the Wisconsin Case consolidates additional, related patent claims by Extang, making it the more efficient forum. Also, the Wisconsin case is proceeding apace, Laurmark did not file a motion to dismiss or transfer, and therefore dismissing this case would avoid unnecessary duplication of judicial effort. (*See* Reply 2.) It is clear that a refusal to dismiss based on the impropriety of the Wisconsin Case would be based entirely on the anticipatory nature of that action. This is improper under *Genentech* and *Coyle*, and so this Court applies the first-to-file rule in full and holds that this case should not proceed so long as the Wisconsin Case is resolved on the merits. The Court therefore dismisses Plaintiffs' patent

infringement claims, with leave to refile these claims if the Wisconsin Case is not decided on the merits.

B. Laurmark's Standing to Pursue Patent Infringement Claims

Because the Court finds that Plaintiffs' patent infringement claims should be dismissed, the question of Laurmark's standing to bring patent infringement claims is irrelevant. The Court notes, however, that Maimin, as the patent owner, has standing to bring these claims, so the case is not dismissible entirely on standing. The only loss to Plaintiffs would be Laurmark's ability to obtain separate damages from the alleged patent infringement. *See Rite-Hite Corp. v. Kelley Co. Inc.*, 56 F.3d 1538, 1553 (Fed. Cir. 1995).

C. California State Law Claims

The Court now turns to the remaining claims in Laurmark's[4] case: namely, Laurmark's claims against Defendants for IIPEA, NIPEA, and unfair competition. None of these claims are part of the Wisconsin Case, and therefore they must be resolved on separate grounds.

1. IIPEA and NIPEA

Defendants argue that Laurmark's IIPEA and NIPEA claims should be dismissed for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)6. Specifically, they argue that these two claims should be dismissed because (1) Laurmark did not allege any qualifying relationship with future economic benefit; (2) Defendants' actions in competition with Laurmark were not wrongful, either intentionally or negligently; and (3) Laurmark did not properly allege any damages. (Mot. 14-16.) Laurmark responds that it has alleged proper relationships with consumers and distributors, which granted economic benefits, as well as facts demonstrating Defendants' wrongful actions interfering with that relationship. (Opp'n 12-13.)

The elements of a properly pleaded claim for IIPEA are (1) an economic relationship between plaintiff and third party with future economic benefits to plaintiff; (2) defendant's knowledge of the relationship; (3) intentional acts by defendant to disrupt the relationship; (4) actual disruption; and (5) economic harm as a result of this disruption to plaintiff. *Youst v. Longo*, 43 Cal. 3d 64, 71, n.6 (1987); *Reudy v. Clear Channel Outdoors Inc.*, 683 F. Supp. 2d 1091, 1122 (N.D. Cal. 2007). The elements of a properly pleaded claim for NIPEA are largely identical, with the exception that the

---

[4] Plaintiffs do not explicitly note that Laurmark alone is bringing these three claims; however, they do not allege any facts suggesting that Maimin had any economically beneficial relationships with third parties that Defendants disrupted, nor any business interests that might be disrupted by Defendants' alleged unfair business practices. Particularly given the procedural history of this case, that Maimin was brought on as a Plaintiff to bolster Laurmark's standing on the patent infringement claims, the Court deems the California Law claims as having been brought entirely by Laurmark.

third element looks for negligent acts by the defendant knowing that such acts might disrupt the relationship. *F.M. Tarbell Co.*, No. 10-CV-1589, 2011 WL 1153539, at *5 (C.D. Cal. Mar. 23, 2011). Defendants do not contest that they knew of Laurmark's relationship with its customers and distributors, nor that they in fact disrupted those relationships.

Defendants argue that Laurmark's relationships with its customers and distributors do not qualify as a protected economic relationship under California law because Laurmark has not identified specific relationships with identified parties or actual expectation of future transactions beyond a customer relationship. Other district courts have noted in the context of IIPEA and NIPEA claims that "it is well settled in California that a plaintiff must establish an existing economic relationship or a protected expectancy with a third person, not merely a hope of future transactions." *Halton Co. v. Streivor, Inc.*, C 10-00655 WHA, 2010 WL 2077203, at *5 (N.D. Cal. May 21, 2010). They have also required that the "contractual party . . . be identified in some manner." *PNY Techs., Inc. v. SanDisk Corp.*, C-11-04689 YGR, 2012 WL 1380271, at *14 (N.D. Cal. Apr. 20, 2012). Plaintiff provides no caselaw challenging these assertions of law, instead directing the Court's attention to the FAC, which alleges that "Laurmark had and has valid business relationships and business expectancies with its customers and distributors and a reasonable expectation that such relationships would continue into the future and beyond based on a long and consistent business relationship." (FAC ¶ 64 (incorporated into NIPEA claim, FAC ¶ 70).) These allegations fail both of the requirements above; they do not delineate anything more than a business expectancy based on a transactional relationship, and they do not specifically name any parties. Thus, Laurmark has offered insufficient facts to sustain its IIPEA and NIPEA claims.

Laurmark's factual assertions that Defendants engaged in wrongful/negligent activity are even more deficient. *Iqbal* requires that plaintiffs provide specific factual allegations in support of their legal claims. *Iqbal*, 556 U.S. at 679. In the context of the IIPEA and NIPEA claims, courts have required plaintiffs to demonstrate facts wrongful beyond the fact simply that they interfere with economic relationships. *Della Penna v. Toyota Motor Sales, U.S.A. Inc.*, 11 Cal. 4th 376 (1995). They have also noted specifically that merely competitive acts do not qualify as wrongful or negligent. *Bed, Bath & Beyond of La Jolla Inc. v. La Jolla Vill. Sq. Venture Partners*, 52 Cal. App. 4th 867, 881-82 (1997). Laurmark alleges here that "Defendants have intentionally intervened and are interfering with [consumer relationships], including but not limited to soliciting customers away from Laurmark through unlawful means, diverting these customers for themselves through improper and illegal means, and otherwise causing termination and disruption of and/or interference with Laurmark's relationships and expectancies with its customers." (FAC ¶ 65.) The Court cannot find anywhere in this list any allegations of fact that are not merely conclusory statements of legal standards in violation of *Iqbal*. Further, even if Laurmark alleged specific examples of the above acts, under the holdings in *Della Penna* and *Bed, Bath & Beyond*, such acts would not be wrongful in any case. Laurmark's pleadings here are severely deficient, and this Court will not allow its claims for IIPEA and NIPEA to proceed on allegations that amount to smoke and mirrors.

Defendants are wrong that Laurmark did not assert specific damages—in fact, Laurmark asserts "deprivation of future business opportunities" among other things (FAC ¶ 66). However, Laurmark

has failed to plead other elements of its claims, and proper damages allegations cannot remedy those shortcomings.

1. Unfair Competition

Defendant also argues that Plaintiff has failed to properly plead its unfair competition claim, because the only specific actions alleged that could support this claim would be Plaintiffs' claims for patent infringement, which have been dismissed on other grounds. (Mot. 17.) Plaintiff retorts by relying again on its allegations that Defendants worked in concert to "interfere" with its relationships with distributors and retailers. The Court has already determined above that Laurmark's list of alleged wrongful actions are not specifically pleaded as required by *Iqbal*. This is equally true here, and so the Court finds that Laurmark's claim for unfair competition should also be dismissed.

D. Joinder of Extang and UCI

For the reasons above, the Court declines to consider the issue whether Extang and UCI were properly joined into this single action. The Court notes, however, that Extang and UCI have already subjected themselves jointly to litigation as plaintiffs in the Wisconsin Case, and are jointly owned by the other three defendants, both of which facts would mitigate in favor of joinder.

E. Personal Jurisdiction over THI, THI-UC, and Kinderhook

For the reasons above, the Court declines to consider the issue whether Extang and UCI were properly joined into this single action. The Court notes, however, THI, THI-UC, and Kinderhook have not directed their actions at California, because they have not taken any actions at issue in this case. This fact mitigates against the possibility of California exercising personal jurisdiction over any of these parties.

IV. RULING

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. The Court **DISMISSES** Plaintiffs' claims for patent infringement in favor of the Wisconsin Case. If that case does not resolve Plaintiffs' claims on the merits, Plaintiffs shall have leave to refile those claims. The Court **DISMISSES** Laurmark's claims under California law in their entirety, **without leave to amend**. This case shall close.

IT IS SO ORDERED.